**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4517**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LUIS MIGUEL REYES TORRES,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Benson Everett Legg, District Judge. (1:10-cr-00301-BEL-2)

———————

Submitted:  December 22, 2011      Decided:  January 31, 2012

———————

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed in part; dismissed in part by unpublished per curiam opinion.

———————

Bart Garry, LAW OFFICE OF BART GARRY, Baltimore, Maryland, for Appellant.   Joshua L. Kaul, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Miguel Reyes Torres appeals his convictions for conspiracy to distribute morphine and methadone, which resulted in death, and distribution of morphine and methadone, which resulted in death, and his resulting 115-month sentence. On appeal, counsel for Torres has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious issues for appeal, but questioning whether Torres's sentence exceeded the maximum under the applicable Guidelines range and whether Torres received ineffective assistance of counsel. The Government filed a motion to dismiss in part based on Torres's appellate waiver in the plea agreement. Although informed of his right to do so, Torres has not filed a pro se supplemental brief. For the reasons discussed below, we grant the Government's motion, dismissing all claims barred by the plea agreement, and affirm Torres's convictions and sentence.

In his plea agreement, Torres agreed to waive all rights to challenge his convictions and sentence, excepting an appeal from a sentence above the advisory Guidelines range. A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). An appellate waiver must be "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d

2

1143, 1146 (4th Cir. 1995) (internal quotation marks and citation omitted). We review de novo whether a defendant has effectively waived his right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). Generally, if a court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). We find that Torres knowingly and intelligently waived his right to appeal. Torres stated that he was fully satisfied with his attorney and that he understood the plea agreement and the rights he was waiving. The district court specifically reviewed the appellate waiver contained in the plea agreement and questioned Torres regarding the waiver. In addition, Torres admitted reviewing the plea agreement itself. Torres stated that he understood the waiver, and he does not challenge the voluntariness of the waiver on appeal. Accordingly, we grant the Government's motion to dismiss all appellate claims covered by the waiver.

However, a valid waiver of appeal does not completely bar all appeals. For instance, a Defendant may always appeal a sentence imposed in excess of the statutory maximum, see Marin,

3

961 F.2d at 496; a sentence based on a constitutionally impermissible factor such as race, see id.; or proceedings conducted in violation of the Sixth Amendment right to counsel after entry of the guilty plea, see United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994). Moreover, the waiver itself specifically exempted an appeal of a sentence above the Guidelines range. We therefore examine counsel's issues and the record pursuant to Anders to determine whether there are any nonwaived, meritorious issues for appeal.

Counsel first raises the issue of whether Torres was sentenced above the advisory Guidelines range. This claim is frivolous and flatly belied by the record.

Counsel next questions whether Torres received ineffective assistance. Regarding his sentencing, such an ineffective assistance claim is unwaivable, as discussed above. Accordingly, we address on the merits Torres's claim of ineffective assistance at sentencing.

Claims of ineffective assistance of counsel are not cognizable on direct appeal, unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Rather, to allow for adequate development of the record, claims of ineffective assistance generally should be brought in a 28 U.S.C.A. § 2255 (West 2006 & Supp. 2011) motion. United States v. Gastiaburo,

16 F.3d 582, 590 (4th Cir. 1994). Here, we find that the record does not conclusively support a claim of ineffective assistance.

In accordance with <u>Anders</u>, we have thoroughly examined the entire record for any unwaived, potentially meritorious issues and have found none. As such, we grant the Government's motion, dismiss all claims within the scope of the plea agreement waiver, and affirm Torres's convictions and sentence. This court requires that counsel inform Torres in writing of his right to petition the Supreme Court of the United States for further review. If Torres requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Torres. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

5